UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELVIN C. THOMPSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-02134-SNLJ |
| | ) |
| FEDERAL BUREAU, | ) |
| OF INVESTIGATIONS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Kelvin C. Thompson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice for failure to state a claim and for frivolity.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who has filed a civil action against the Federal Bureau of Investigation (FBI).[1] He claims that this Court's jurisdiction is derived from Title VI of the Civil

---

[1] The Court notes that plaintiff has filed a total of thirteen cases in July and August of 2019, including the instant action. The cases are: *Thompson v. SS Administrative Office*, No. 4:19-cv-1922-SNLJ (E.D. Mo July 11, 2019.); *Thompson v. Social Security Administration*, No. 4:19-cv-2110-CDP (E.D. Mo. July 19, 2019); *Thompson v. Social Security Administration*, No. 4:19-cv-2115-CDP (E.D. Mo. July 22, 2019); *Thompson v. Federal Bureau of Investigation*, 4:19-cv-2134-SNLJ (E.D. Mo. July 23, 2019); *Thompson v. Creve Coeur Police Department*, 4:19-cv-2138-NCC (E.D. Mo. July 24, 2019); *Thompson v. St. Louis Metropolitan Police*, No. 4:19-cv-2139-SRC (E.D. Mo. July 24, 2019); *Thompson v. Eckles*, No. 4:19-cv-2145-AGF (E.D. Mo. July 25, 2019); *Thompson v. St. Louis Metropolitan Police Department*, No. 4:19-cv-2300-CDP (E.D. Mo. Aug. 5, 2019); *Thompson v. Marcantano*, No. 4:19-cv-2301-CAS (E.D. Mo. Aug. 5, 2019); *Thompson v. Normandy Police Department*, No. 4:19-cv-2307-SPM

Rights Act of 1964; Title II of the Americans with Disabilities Act; 18 U.S.C. § 241; 18 U.S.C. § 242; 18 U.S.C. § 245; Title VII of the Civil Rights Act; the Civil Rights Act of 1866; and the Age Discrimination Act. (Docket No. 1 at 3-4).

Plaintiff states that he has not lived in Missouri in over ten years. (Docket No. 1 at 6). When he arrived back in the state, he "noticed a lot of [fraudulent] activity on [his] social security account." He alleges that his Social Security checks from June and July of 2019 have been missing. He has reported these "discrepancies" to the Social Security Administration "to no avail." Plaintiff claims that beginning in June, "people impersonating social security employees have committed wire fraud, mail theft, identity theft" and have denied him his Social Security benefits. He further claims that a "real" Social Security employee told him that "these criminals impersonated" Social Security employees and that they "were pressured to commit these crimes by corrupt federal agents." Plaintiff states that these unnamed, unidentified individuals "were advised to submit a [fraudulent] bank account that didn't exist, unlawfully withhold [his] funds and commit other civil rights violations and federal crimes."

On July 11, 2019, plaintiff went to the United States District Court building in St. Louis. He states that as soon as he walked into the office of the Clerk of Court, a clerk named Beth "was on a phone call with the FBI." Moments later, he asserts, his case was improperly filed and "shipped" to Cape Girardeau, Missouri. He states that it never showed up in the system. When he came back to the Clerk of Court on Friday to file another civil case, he claims that the FBI "advised [Beth] not to file it."

---

(E.D. Mo. Aug. 6, 2019); *Thompson v. Ferguson Police Department*, No. 4:19-cv-2308-NAB (E.D. Mo. Aug. 6, 2019); *Thompson v. Cool Valley Police Department*, No. 4:19-cv-2309-JMB (E.D. Mo. Aug. 6, 2019); and *Thompson v. Harrison*, 4:19-cv-2312-HEA (E.D. Mo. Aug. 7, 2019).

3

On July 2, 2019, plaintiff returned to the office of the Clerk of Court, to ask why it was not filed. He was advised that Adobe "was down all day." Then, Beth passed the case to another clerk, who he alleges intentionally "left out vital information." This was fixed when he threatened to file a civil suit.

Plaintiff concludes his Statement of Claim by asserting that "corrupt federal agents are discriminating against [him], violating [his] civil right, committing other acts of federal crimes and…acts of violence." He states that "[t]his is a travesty [not] only for Missouri but for our Nation."

In a supplement filed with the Court, plaintiff adds that he is in fear of his safety and his family's safety every day. (Docket No. 4). He states that he is certain that he is "not the first, nor last person to be terrorized by these individuals." Moreover, he states that St. Louis and Missouri have "a history of corruption, violence and injustice" that has caused suffering to many African Americans and minorities.

Plaintiff seeks $1,000,000 in actual damages and $10,000,000 in punitive damages to punish defendant and "deter future civil rights crimes." (Docket No. 1 at 6).

**Discussion**

Plaintiff brings this civil action alleging that the FBI is somehow involved in an illegal enterprise involving individuals impersonating Social Security employees. These individuals purportedly violated plaintiff's civil rights and committed various crimes against him, including wire fraud and mail theft. For the reasons discussed below, plaintiff's complaint must be dismissed for failure to state a claim and for frivolity.

### A. Failure to State a Claim

As noted above, in order to state a claim, a plaintiff must demonstrate a plausible claim for relief. *Ashcroft*, 556 U.S. at 679. In reviewing a complaint, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). However, "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Here, plaintiff has failed to state a claim against the FBI. The bulk of plaintiff's complaint consists of vague and conclusory allegations that individuals have been impersonating Social Security employees in order to defraud him of his Social Security checks. Plaintiff does not provide any facts to implicate the FBI in this alleged criminal enterprise. The FBI is only mentioned with regards to an alleged phone call with a Clerk of the Court employee, in which the FBI supposedly advised the clerk not to file plaintiff's case. Plaintiff provides no facts to demonstrate that the FBI had anything to do with his missing Social Security checks. Certainly, there is nothing in the Statement of Claim to support an action against the FBI under Title VI of the Civil Rights Act of 1964, Title II of the Americans with Disabilities Act, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 245, Title VII of the Civil Rights Act, the Civil Rights Act of 1866, or the Age Discrimination Act. Therefore, plaintiff's complaint must be dismissed for failure to state a claim.

### B. Frivolity

Pursuant to 28 U.S.C. § 1915, a court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's

factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such a dismissal encompasses allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

Here, plaintiff's complaint is subject to dismissal for frivolity because the facts are clearly baseless. Plaintiff contends, without support, that his Social Security checks from June and July of 2019 have gone missing because criminals impersonating Social Security employees have tampered with them. He further contends that he is being discriminated against by "corrupt federal agents," and accuses these unnamed, unidentified agents of committing numerous crimes against him. Plaintiff's supplement contains an addendum stating that he is in fear for his life and safety, though he does not explain the basis for this fear. In short, plaintiff is proposing the existence of a conspiracy involving governmental agencies to deprive him of his Social Security benefits, and that the FBI is somehow tangentially involved. This type of pleading is wholly incredible and rises to the level of irrational. *See Owens-El v. United States*, 2 Fed. Appx. 652, 658 (8th Cir. 2001) (stating that plaintiff's allegations that the United States Parole Commission, the Federal Bureau of Prisons, and the Federal Bureau of Investigation conspired to conceal the fact that plaintiff might be able to have a prior conviction overturned was frivolous and subject to preservice dismissal). Therefore, plaintiff's complaint must be dismissed as frivolous.

C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as plaintiff's complaint is being dismissed for failure to state a claim and for frivolity. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed for failure to state a claim and for frivolity. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of August, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE